# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN RE: DISCIPLINE OF KEVIN R.
HANSEN, ESQ., BAR NO. 6336

No. 73626

**FILED**

FEB 09 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Kevin R. Hansen. Under the agreement, Hansen admitted to one violation of RPC 1.4 (communication), one violation of RPC 1.15 (safekeeping property), and two violations of RPC 8.4(d) (misconduct: conduct prejudicial to the administration of justice). The agreement provides for a one-year suspension with the suspension stayed for an 18-month probationary period subject to conditions.

Hansen has admitted to the facts and violations. Thus, the record establishes that he violated RPC 1.4 and RPC 8.4(d) by failing to communicate with his client or inform her that he had left his law firm and taken her case with him and by failing to timely oppose a motion and file an expert witness disclosure on her behalf. He has also violated RPC 1.15 and RPC 8.4(d) by failing to properly maintain his trust account, overpaying himself attorney fees, and failing to timely pay clients' lienholders.

In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual

18- 05459

injury caused by the lawyer's misconduct, and the existence of aggravating and mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). Hansen violated duties owed to his clients (communication and safekeeping property) and the legal system (engaging in conduct prejudicial to the administration of justice) and the admitted violations reflect a combination of negligent and knowing misconduct. His clients were injured because their lienholders were not timely paid or they were overcharged attorney fees. Further, one of his clients was injured because her complaint was dismissed against two defendants. There are three aggravating circumstances (pattern of misconduct, multiple offenses, and substantial experience in the practice of law) and six mitigating circumstances (absence of a prior disciplinary record, absence of dishonest or selfish motive, timely good faith effort to make restitution or to rectify consequences of misconduct, character or reputation, interim rehabilitation, and remorse). SCR 102.5.

The baseline sanction before considering aggravating and mitigating circumstances is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.12 (Am. Bar Ass'n 2015) ("Suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client."); *id.* Standard 7.2 (providing that suspension is the baseline sanction when a lawyer "knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system"). Considering all of the factors, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1).

Accordingly, we hereby suspend attorney Kevin R. Hansen from the practice of law in Nevada for one year. The suspension shall be stayed and Hansen shall be on probation for 18 months from the date of this order subject to the following conditions: (1) Hansen must provide quarterly audits of his trust account to the State Bar starting December 1, 2017, and then by the last day of April, July, October, and January thereafter through the term of the 18-month probation; (2) Hansen must have no grievance for which a screening panel determines that a formal hearing is warranted during the probationary period, including but not limited to matters that occurred before the July 6, 2017, plea agreement; (3) failure to comply with the probation conditions will result in the imposition of the one-year suspension; and (4) he shall pay the actual costs of the disciplinary proceedings, plus $2,500 under SCR 120 within 30 days of the date of this order. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Douglas

_____, J.          _____, J.
Cherry                                 Gibbons

_____, J.          _____, J.
Pickering                              Hardesty

_____, J.          _____, J.
Parraguirre                            Stiglich

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Chair, Southern Nevada Disciplinary Board
Kevin R. Hansen
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court